IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
                                             :

SCOTT CIPRIANI                      :              3:12 CV 910 (JBA)
                                             :

V.                                              :

DICK'S SPORTING GOODS, INC.     :              DATE: NOVEMBER 19, 2012
                                             :
------------------------------------------------------------X

RULING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

On June 20, 2012, plaintiff filed this diversity action against his former employer, regarding his termination on June 24, 2011. (Dkt. #1; see also Dkts. ##18-19). Defendant filed its Answer and Affirmative Defenses on September 28, 2012. (Dkt. #20). Under the Scheduling Order filed on September 11, 2012 by U.S. District Judge Janet Bond Arterton, all discovery is to be completed by March 1, 2013, and all dispositive motions are to be filed by April 1, 2013. (Dkt. #17).

On October 4, 2012, defendant filed the pending Motion for Protective Order in Response to Plaintiff's Amended Notice of Rule 30(b)(6) Deposition, brief and affidavit in support. (Dkts. ##21-23).[1] Judge Arterton referred the file to this Magistrate Judge the next day. (Dkt. #24). On October 24, 2012, plaintiff filed his brief in opposition (Dkt. #27),[2] as to which defendant filed its reply brief on November 7, 2012. (Dkt. #28).

---

[1] The following eleven exhibits are attached to the affidavit: copy of Notice of Deposition to Defendant, dated September 5, 2012 (Exh. 1); copies of e-mail correspondence between counsel, dated September 5-6, 13, 19, 20, and 28 2012 (Exhs. 2-6, 10); copy of correspondence between counsel, dated September 20, 2012 (Exh. 7); copy of Defendant's Objections to Plainitff's September 5, 2012 Notice of Deposition Pursuant to Rule 30(b)(6), dated September 26, 2012 (Exh. 8); copy of Amended Notice of Deposition, dated September 28, 2012 (Exh. 9); and copies of caselaw (Exh. 11).

[2] Attached as Exh. 1 is another copy of the Amended Notice of Deposition, dated September 28, 2012.

For the reasons stated below, defendant's Motion for Protective Order (Dkt. #21) is <u>granted in part and denied in part</u>.

### I. DISCUSSION

Defendant's concerns are two-fold. First, plaintiff has noticed depositions for eight fact witnesses – Charles Marino, Garth Murszweski, Tony Tomassi, Karen Plant, Armando Lassalle, Patick Molnar, Howard Del Aguila, and Sharon Flagg – as well as a Rule 30(b)(6) deposition of the defendant, resulting in defendant producing each witness twice, once as a fact witness and then again as a Rule 30(b)(6) witness. (Dkt. #22, at 2, 6-7). Second, defendant argues that the twenty-three areas of inquiry in plaintiff's Amended Rule 30(b)(6) Deposition Notice are "overbroad, unduly burdensome, duplicative, [and] inefficient. . . ." (<u>Id.</u> at 1-2, 5-6). Defendant instead has suggested that Flagg testify about Topic 1 (employee handbook), Tomassi testify about Topic 2 (apprehension policy), Tomassi, Marino and Flagg testify about Topic 3 (steps taken to comply with discovery requests), Marino testify about Topic 4 (wage and hour record keeping), Tomassi testify about Topic 5 (video-surveillance practices and storage), and Marino and Flagg testify about Topic 6 (document storage), all limited to the Manchester, CT store and all limited until June 24, 2011, when plaintiff was terminated. (<u>Id.</u> at 7-10.[3] <u>See also</u> Dkt. #28, at 1-4).

Plaintiff has characterized defendant's suggestion as "a schizophrenic proposal" (Dkt. #27, at 3-5), denies that the Rule 30(b)(6) deposition notice is overbroad (<u>id.</u> at 5-8), and argues that there "are no good alternatives" to the Rule 30(b) deposition. (<u>Id.</u> at 8-9).

A case closely on point, not cited by either party, is <u>Agence France Presse v. Morel</u>, No. 10 Civ. 2730 (WHP/MHD), 2011 WL 5129716, at *1-2 (S.D.N.Y. Oct. 28, 2011)["<u>Morel</u>"],

---

[3]There was no mention of Topic 7 (e-data storage). (Dkt. #23, Exh. 9).

where defendant already had deposed two of plaintiff's employees in May 2011 and then sought to redepose them in late 2011 as Rule 30(b)(6) witnesses.  U.S. Magistrate Judge Michael H. Dolinger

> decline[d] to require such a wasteful procedure.  In lieu of that duplication of effort, [the Magistrate Judge] adopt[s] the suggestion of [plaintiff] that the deposition testimony that [its two employees] gave in the Spring, in their individual capacities, be deemed also to constitute Rule 30(b)(6) testimony of [plaintiff] and hence binding on the company.

Id. at *2 (footnote omitted).

Similarly, in New Jersey v. Sprint Corp., No. 03-2071-JWL, 2010 WL 610671, at *1 (D. Kan. Feb. 19, 2010)["Sprint"], a "complex securities case[,]" plaintiff had taken twenty-two fact depositions and then noticed its twenty-third deposition, a Rule 30(b)(6) deposition of defendant.   Among the arguments raised by Sprint in its Motion for Protective Order was that this Rule 30(b)(6) deposition "would be duplicative of discovery already obtained by plaintiff through . . . depositions of Sprint's former directors and employees[,]" particularly because the Rule 30(b)(6) witness would prepare for his or her deposition by reading the prior deposition transcripts.  Id. at *2.  U.S. Magistrate Judge James P. O'Hara disagreed:

> [A]s plaintiff notes, this argument overlooks the basic purpose of a [Rule] 30(b)(6) deposition. . . . The testimony provided by a corporate representative at a [Rule] 30(b)(6) deposition binds the corporation.  This is quite unlike a deposition of an employee of the corporation, which is little more than that individual employee's view of the case and is not binding on the corporation.  Even if the substance of the information ultimately provided mirrors that of the testimony given by Sprint's former directors and employees, plaintiff still is entitled to tie down the definitive positions of Sprint itself, rather than that of the individuals who work for Sprint. . . . .

Id. (footnote omitted).  See also Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 74, 80 (D. Conn. 2010)(Fitzsimmons, M.J.)("The Court cautions the parties that [Rule] 30(b)(6) depositions can be used to test theories, challenge facts and fill in information gaps, but they

cannot be used to reinvent the wheel by asking questions that have already been completely answered.").

Thus, under the Morel and Sprint decisions, it would inure to the benefit of both parties to proceed as defendant has suggested, namely that Flagg, Tomassi and Marino testify as Rule 30(b)(6) witnesses regarding Topics 1-6 to the extent specified above, as well as any other employee designated to testify regarding Topic 7,[4] while the five remaining employees, namely Murszweski, Plant, Lassalle, Molnar and Del Aguila, all testify as fact witnesses whose statements do not bind the corporate defendant.

Defendant also has identified fifteen subparts of plaintiff's seven topics in his Amended Notice of Deposition, dated September 28, 2012, specifically Nos. 1(a)-(c), 2(d), 4(a)-(e), 5(a)-(d), 6(a), and 7(a) as being "so overbroad or lacking in particularity that [d]efendant could not possibly adequately prepare witnesses to testify on these matters." (Dkt. #22, at 8-10; Dkt. #27, at 5-8 & Exh. A; Dkt. #28, at 3).  Defendant is correct that Topics 1(a)-(c), 2(d), 4(a)-(e), 5(a)-(d), 6(a) and 7(a) must all be limited to the time period of September 2009 through June 2011, when plaintiff was employed by defendant.  In addition, Topic 1(c) must be limited to those portions of the Employee Handbooks that are relevant here, and not "each provision" thereof, and Topic 2(d) should be limited only to the Manchester, CT store where plaintiff worked.  Contrary to defendant's arguments, however, Topics 4(c)-(e) and 7(a)-(c) are relevant here.  See, e.g., Dongguk Univ., 270 F.R.D. at 74-80.

## II. CONCLUSION

Accordingly, defendant's Motion for Protective Order (Dkt. #21) is granted in part and

---

[4]See note 3 supra.

denied in part to the extent set forth above.[5]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit);** Caidor v. Onondaga County, 517 F.3d 601, 603-05 (2d Cir. 2008)(failure to file timely objection to Magistrate Judge's discovery ruling will preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 19th day of November, 2012.

  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[5]Counsel must work more cooperatively with each other to avoid further burdening the Court with discovery disputes that they can, and should, resolve between themselves.  This judicial officer does not intend to micro-manage discovery for counsel.